# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, PENLAND, and ALMANZA
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class RYAN D. OSBORN**
**United States Army, Appellant**

ARMY 20130949

United States Army Central
David H. Robertson, Military Judge
Colonel Brendan M. Donahoe, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Aaron R. Inkenbrandt, JA; Captain Heather L. Tregle, JA (on brief); Lieutenant Colonel Jonathan F. Potter, JA; Captain Heather L. Tregle, JA (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major A.G. Courie III, JA; Major John K. Choike, JA (on brief).

31 August 2015

------------------------------------
SUMMARY DISPOSITION
------------------------------------

PENLAND, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of willfully disobeying a noncommissioned officer, wrongfully soliciting another to commit an assault consummated by battery, and wrongfully communicating a threat, in violation of Articles 91 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 934 (2012) [hereinafter UCMJ].

On 5 November 2013, appellant was tried at Camp Arifjan, Kuwait, and sentenced to a bad-conduct discharge and confinement for nine months. Four days later, the convening authority deferred the automatic forfeitures required by Article 58b, UCMJ. This deferral ended on 7 November 2014, when the convening authority approved the adjudged sentence.

We review this case under Article 66, UCMJ. Appellant raises one assignment of error, dilatory post-trial processing, which merits discussion and relief. We have also considered those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982); they lack merit.

Over one year elapsed between announcement of sentence on 5 November 2013 and the convening authority's initial action 7 November 2014. The record of trial (ROT) documenting this judge-alone guilty plea is brief, consisting of two volumes and 157 pages of trial transcript.[1*]

After the military judge authenticated the ROT, it was mailed from Germany (apparently the location of the military judge's chambers at that time) to Shaw Air Force Base, South Carolina; postal transit took 47 days. After the ROT arrived stateside, three and a half months elapsed before the staff judge advocate signed the recommendation (SJAR) required by Rule for Courts-Martial [hereinafter R.C.M.] 1106; the government has offered no explanation for this period.

After the SJAR was signed, another 84 days elapsed before the government served it and the ROT on appellant. Aside from six days of postal transit, the government has offered no explanation for this period.

On 29 May 2014, trial defense counsel asserted appellant's right to speedy post-trial processing in a memorandum to the staff judge advocate. Once provided the ROT and SJAR, appellant took approximately three months to submit matters under R.C.M. 1105. Beyond the approved twenty-day delay to submit those matters, we can discern no reason for this passage of time. The clemency matters consist of four pages.

After the convening authority's initial action, forty days passed before the case was docketed with this court. The government's explanation for this delay is not persuasive.

We review *de novo* appellant's claim that he has been denied his due process right to speedy post-trial review. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006). Our superior court has adopted the four-factor balancing test from *Barker v. Wingo*, 407 U.S. 514, 530 (1972) to determine whether a due process violation has occurred: (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice. *Id.*

We presume unreasonable delay when more than 120 days elapse between completion of an appellant's trial and action by the convening authority. *Id.* at 142.

---

[*] We do commend the quick transcription time – only eleven days.

2

OSBORN — ARMY 20130949

A similar presumption is applied where the record of trial is not received by the service court of criminal appeals within 30 days of convening authority action. *Id.*

Appellant asserts no prejudice and we find none. However, we may nonetheless find a due process violation if "in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Having considered the lengthy delay and the government's explanation or lack of explanation, we hold that the post-trial delay in this case is sufficiently egregious to find a due-process violation under *Toohey*, despite appellant's less than timely submission of clemency matters. *Id.* at 362. As a remedy, we shall reassess the sentence, affirming only so much of the sentence as provides for a bad-conduct discharge and confinement for eight months.

We must also review the appropriateness of appellant's sentence in light of the lengthy post-trial processing. *See* UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) (Pursuant to Article 66(c), UCMJ, service courts are "required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). Upon review of the entire record, to include, *inter alia*, the lengthy post-trial delay, the government's unconvincing explanation, the untimely clemency matters and the absence of prejudice, we find appellant's reassessed sentence is appropriate.

**CONCLUSION**

The findings of guilty are AFFIRMED.

Reassessing the sentence in accordance with *Tardif*, we affirm only so much of the sentence as provides for a bad-conduct discharge and confinement for eight months. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored.

Senior Judge HAIGHT and Judge ALMANZA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3